## Case No. 8,027.

LAMBERT et al. v. SMITH et al.

[1 Cranch, C. C. 347.] [1]

Circuit Court, District of Columbia. July Term, 1806.

SECURITY FOR COSTS — DEATH OF MEMBER OF PARTNERSHIP, PLAINTIFF — RULE FOR COSTS — CONTINUANCE—FILLING BLANKS IN DECLARATION —PLEADING AFTER KNOWLEDGE OF SAME.

1. If the only resident member of a copartnership who are plaintiffs dies pending the suit, the defendant may demand security for costs against the surviving plaintiffs, and the court will continue the cause to give the defendants an opportunity to lay the rule and give sixty days' notice.

2. If the blanks in the declaration have been filled up by the plaintiff at the trial-term, and the defendant pleads with a knowledge that they have been so filled up, it is not a ground for continuance of the cause.

Lambert died since the last term. Fosdick, the surviving partner, resides out of the district. The defendants [Smith & Son] moved for a rule on the plaintiffs [Lambert & Co.] to give security for costs.

THE COURT decided that if the plaintiff did not now give the security, they would continue the cause so as to enable the defendant to give sixty days' notice of the motion, according to the act of assembly. See Thomas v. Woodhouse [Case No. 13,917].

Mr. Swann gave the security required.

E. J. Lee, for defendant, contended that he had a right to a continuance, because the plaintiff had filled up a blank in the declaration.

## Case No. 8,028.

LAMBERT et al. v. SMITH et al.

[1 Cranch, C. C. 361.] [1]

Circuit Court, District of Columbia. Nov. Term, 1806.

EVIDENCE — MARINE INSURANCE — ADMISSIONS OF UNDERWRITERS — PAYMENT BY ANOTHER UPON SAME RISK— CONCLUSIVENESS OF FOREIGN SENTENCE—PROOF OF APPEAL PROSECUTED.

1. The admissions of one of several underwriters upon the same policy, cannot be given in evidence against another underwriter: nor the admissions of a committee of the company, not authorized by the articles of association to make admissions.

2. Nor can evidence be given by the plaintiff that another insurance company, or other underwriters on the same policy, have paid upon the same risk.

3. If one party alleges that the other agreed to receive certain papers in evidence, and the fact of such agreement be contested, the court will not hear affidavits to prove the agreement, and will reject the evidence, if it be incompetent.

4. The sentence and proceedings of a foreign court of vice-admiralty, condemning the goods as enemy property, are not conclusive evidence of that fact, in a suit upon a policy of insurance. But it is competent and prima facie, although not, in itself, sufficient evidence to prove that fact.

5. The sentence may be invalidated by the evidence contained in the record of the proceedings.

6. The prayer of an appeal, and the order granting it upon terms, is not evidence that the terms were complied with, or that the appeal was prosecuted.

Assumpsit [by Lambert & Co.] on a policy on goods on board the brig Celia, from Alexandria to Bourdeaux, and at and from thence to St. Bartholomews, with leave to attempt to get into Guadaloupe; but if, in attempting to get in, they should be warned off, and register indorsed, they should desist from any further attempt. Interest averred to amount of $6,000, at 30 per cent. premium, 25 per cent. to be deducted, if lost on the voyage to Bourdeaux; captured by the British, and lost to the insured. Arrived at Bourdeaux, took there a cargo, and was captured near Guadaloupe, and condemned in the vice-admiralty court in Antigua. The plaintiffs offered parol evidence of conversations with other underwriters than the defendants, on the same policy, and produced the articles of association.

C. Lee, for plaintiffs. A conversation between the committee and the insured, is tantamount to a conversation between the plaintiffs and the defendants. A paper admitted by the committee, is as if admitted by the defendants. An application was made to the committee to settle this loss. Shall we not give in evidence what passed between the committee and the agent of the plaintiffs? By the articles, the company is to meet every day. The committee are to examine and report upon claims to the company, who are to consider the same, and if a majority agree that the claim is just, they are to give their notes, &c. The committee are the only means of communication between the plaintiffs and the company. When the company meet, the insured are excluded. The receiving of the plaintiffs' papers by the committee for consideration and report, is an admission of the verity of those papers. By article 9, they agree to submit to the decision of any one suit. The plaintiffs, therefore, may give in evidence, in this suit, the acknowledgment of any one of the underwriters—a fortiori the acknowledgments of the committee, the agents of the whole. If all are to be bound by this suit, then the declarations of [Alexander] Smith & Son (the defendants) would bind all.

C. Simms, for defendants. The acts of the committee cannot bind the defendants further than they are authorized by the ar-

ticles of the association to bind them. A majority of all the underwriters only can bind an absent member. Although they have bound themselves to abide the event of one suit, yet it does not follow that they are all to be bound by the acknowledgments of any one. The plaintiffs may select the strongest case in their favor. The defendants have only agreed to take the risk of an acknowledgment of this one underwriter.

THE COURT (DUCKETT, Circuit Judge, not having heard the whole argument, declined giving an opinion) was of opinion, that no acknowledgment by the committee of the authenticity of papers, can be given in evidence against the defendants, unless the defendants were present, and did not deny it. The committee were special agents of the defendants, for limited purposes, and could only bind the defendants to the extent of their powers.

The plaintiffs offered to prove, that another insurance office had paid upon the same risk.

Refused by THE COURT, nem. con.

The plaintiffs then offered to prove, that other underwriters upon the same policy, had paid their proportions.

Refused, nem. con.

Mr. Youngs, for defendants, objected to evidence being given of a demand made on the committee, or of the time when the claim was made to the committee.

THE COURT, without hearing a reply, said there was no doubt that it was competent for the plaintiffs to give that evidence.

The defendants offered to read the record of the proceedings of the vice-admiralty court of Antigua. The plaintiffs contended, that a certain affidavit annexed to that record, should be read also. The defendants objected to all but the record. The plaintiffs then objected to the authentication of the record. The defendants' counsel offered to make affidavit, that it was agreed between him, as counsel for the defendants, and H. K. May, as agent of the plaintiffs, that the record should be used on the trial.

But THE COURT refused to hear such affidavit, and said that they could not admit, as evidence, what was not evidence, unless the agreement was in writing at the time, and entered upon the record. It would require that the court should decide the fact, whether there was such an agreement, and if they heard affidavits on one side, they must on the other, and there would be no end to the investigation. The parties, however, agreed to admit the record without the affidavit annexed.

Mr. Jones, for defendants, prayed the instruction of the court, &c., that the sentence of condemnation as enemy property was conclusive.

But THE COURT decided: 1. That the sentence and proceedings in the admiralty were not conclusive evidence that the property was not American. 2. That it was not sufficient, but was competent evidence that it was not the property of American citizens. 3. That it is primâ facie evidence of that fact. 4. That it is competent for the plaintiffs to adduce the evidence and testimony, as it is stated in the record of the proceedings of the vice-admiralty court, to invalidate the sentence. 5. That the prayer of appeal, and the order granting it upon the usual terms, were not evidence that the appeal was prosecuted, or that those terms had been complied with.